IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DAVID B. SANDERS, BAR NO. 7895.

No. 85114

FILED

OCT 2 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney David B. Sanders be suspended from the practice of law in Nevada for four years, based on violations of RPC 1.2 (scope of representation), RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.5 (fees), RPC 1.16 (declining or terminating representation), and RPC 8.1 (disciplinary matters).

The State Bar has the burden of demonstrating by clear and convincing evidence that Sanders committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Sanders failed to answer the complaint and a default was entered.[1] SCR 105(2). The record therefore establishes that Sanders violated the above-referenced rules by failing to (1) communicate with three separate clients; (2) pursue mediation on behalf of one client, despite

---

[1]The State Bar served Sanders with the complaint and notice of intent to default by regular and certified mail at his SCR 79 address, his home address, and two other possible addresses the State Bar discovered for him. The State Bar also emailed the documents to Sanders.

22-33143

informing the client he was doing so; (3) timely send a demand letter on behalf of a second client resulting in a waiver of the client's claims; (4) send discovery, appear at an arbitration, or file a trial de novo on behalf of a third client, resulting in the dismissal of the client's claim; and (5) respond to the State Bar's inquiries.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Sanders knowingly violated duties owed to his clients. His conduct harmed his clients and the profession. Specifically, two of his clients' claims are now precluded because he did not timely pursue them. The baseline sanction for the misconduct, before consideration of aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) ("Suspension is generally appropriate when . . . a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client."); Standard 7.2 ("Suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system."). The panel found and the record supports two aggravating circumstances (multiple

offenses and pattern of misconduct) and one mitigating circumstance (absence of a prior disciplinary record).[2]

Considering all of the factors, we agree with the panel that a suspension is warranted. However, we disagree on the length of the suspension. Considering previous discipline imposed on attorneys who have committed similar misconduct and the fact that Sanders has no prior discipline in his 20-year career, we conclude a one-year suspension would serve the purpose of attorney discipline. *In re Discipline of Reade*, 133 Nev. 711, 716, 405 P.3d 105, 109 (2017) (explaining that the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney); *see also In re Discipline of Nelson*, No. 82642, 2021 WL 2328484 (Nev. June 7, 2021) (Order of Suspension) (suspending attorney for one year where the attorney failed to serve a complaint on the defendants, to advance the client's action before the statute of limitations expired, and to timely withdraw); *In re Discipline of Pandullo*, No. 79873, 2020 WL 1492131 (Nev. March 23, 2020) (Order of Suspension) (suspending attorney for six months and one day for knowingly failing to appear at court hearings for multiple clients, failing to respond to multiple clients' requests for information, and failing to respond to the State Bar's grievance inquiries). Nevertheless, we conclude that the panel's other recommendations are appropriate.

Accordingly, we suspend attorney David B. Sanders from the practice of law in Nevada for one year commencing from the date of this order. Sanders shall pay the costs of the disciplinary proceedings, including

---

[2]The panel also found the aggravating circumstance of bad faith obstruction of the disciplinary proceedings, but there is no evidence in the record that Sanders obstructed the proceedings.

$2,500 under SCR 120, within 30 days from the date of this order. Further, before seeking reinstatement, Sanders shall (1) reimburse the Client Security Fund for any funds paid to his clients that were involved in this disciplinary matter and (2) refund any unearned fees to those same clients.

It is so ORDERED.[3]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:    Chair, Southern Nevada Disciplinary Board
David B. Sanders
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

_____

[3]The Honorable Abbi Silver having retired, this matter was decided by a six-justice court.